UNITED STATES FEDERAL DISTRICT COURT
EASTERN DISTRICT OF MASSACHUSETTS

SUFFOLK, ss.                                        C.A.  NO.:15-

| | |
|---|---|
| ERIC W. ERRICO,<br>       Plaintiff, | )<br>)<br>) |
| | ) |
| vs. | )      **COMPLAINT** |
| | ) |
| EXXONMOBIL CORPORATION,<br>      Defendant | )<br>) |

**GENERAL INFORMATION APPLICABLE TO ALL PARTIES AND ALL CLAIMS**

1.  The Plaintiff, Eric W. Errico is an individual and a natural person, who at all times material hereto was and is an resident of 190 Ridge Street, Winchester, County of Middlesex, in the Commonwealth of Massachusetts;

2.  The Defendant, ExxonMobil Corporation is a Multi-National American based Corporation organized and existing under the Laws of the State of Delaware and the State of Texas, and makes as its principal place of business the address of 5959 Las Colinas Boulevard, Irving, Texas;

3.  In 1993, the Plaintiff became an employee of ExxonMobil, and until May 3rd of 2015 was employed as a Global Advisor for Demolition of all Surplus Facilities under ExxonMobil's Environmental Service Company;

4.  Sometime in 2014, the Plaintiff was made aware of the fact that the Corporate Defendant was moving much of their divisional activities to their new facility in Houston, Texas, and at some point in time, based upon the representations of ExxonMobil, and its Internal Managerial Hierarchy, that the Plaintiff would not have to relocate to the new facility in Houston, Texas, the Plaintiff accepted a promotional appointment with the Global Demolition Division, and at all times material thereto, performed and received laudatory

and commendatory reviews from his superiors, and maintained an unblemished employment record with the Corporate Defendant.

## COUNT I: BREACH OF CONTRACT

5.    Sometime in the latter part of February or March of 2014, the Plaintiff was contacted by Corporate Management, and thereafter instructed that notwithstanding the fact that representations were made that he would not have to relocate, his Division was being transferred and that he would have to relocate to Houston, Texas;

6.    At this time, and recalling representations that had been previously made to the Plaintiff concerning the need not to relocate with the new job, Plaintiff plead with the Defendant and the corporates managerial hierarchy, to preserve his job in this Region, sparing him the need to relocate, due to exigent circumstances and the need to care for elderly and infirm family members;

7.    Thereafter, Plaintiff received word that his request for exemption from the Corporate move was denied, requested his old job back, his old job being situated in the Northeast, and not requiring physical movement of his life and family from Massachusetts to the State of Texas, and that request was denied, the Corporate Defendant indicating that "the job had been taken and filled with a new Appointee";

8.    Thereafter, on May 3rd, and due to his inability to relocate to the Houston Texas Facility and Corporate Headquarters, the Plaintiff was constructively and effectively discharged and terminated from his position as Global Advisor for Demolition of Surplus Facilities for ExxonMobil Corporation;

9.    The action of the Corporate Defendant in terminating the Plaintiff's employment due to his inability, for personal and other reasons, to relocate, is wrongful as a termination, and in Breach of the Contract of Employment offered the Corporate Defendant;

10.   As a result of the Breach of Contract, the Plaintiff has sustained damages in an amount equal to approximately $200,000.00 annually, has suffered from his professional reputation being compromised through the callous indifference of management, who first

promoted him after guaranteeing him a new assignment without a move, and thereafter, unilaterally, rescinding their promise, leaving him with no alternative, but to seek other employment;

11. The Plaintiff is 46 years old with a 22 year history, has accrued benefits and is entitled to other benefits as a condition of his employment, and has sustained further damages as a result of the Wrongful Termination and the Loss of Benefits of Salary, Pension, Medical and Dental Insurance, and other assurances previously afforded to him and earned as part and parcel of his Benefit Package, and Plaintiff has been further damaged.

## COUNT II: MISREPRESENTATION/DECEIT

Plaintiff repeats, realleges, and incorporate by reference each of the allegations contained in paragraphs 1 through 11 above, as though specifically restated, and in addition thereto state the following:

12. As a result of the conduct of the Corporate Defendant in unilaterally withdrawing its earlier promise not to compel the Plaintiff's relocation, the Plaintiff, by virtue of his detriment reliance upon said representations has had his professional reputation compromised for the callous indifference of corporate management who, after having promoted him and guaranteeing in the new assignment would not result in his relocation, thereafter, rescinded the promise and choose to characterize his termination as voluntarily, when in fact, the actions of those causing the tragedy engaged in a series of misrepresentations which have professionally damaged the reputation and good reputation of the Plaintiff in his professional pursuit in Corporate activities with both ExxonMobil and other similarly situated entities in the public market;

13. As a result of this conduct, the Plaintiff has been further damaged.

## COUNT III: BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

Plaintiff repeats, realleges, and incorporate by reference each of the allegations contained in paragraphs 1 through 13 above, as though specifically restated, and in addition thereto state the following:

14.     The Defendant offered the Plaintiff a Contract of Employment, and further provided the Plaintiff with assurances that if he accepted a Promotion Appointment with the Global Demolition Division of ExxonMobil Corporation, that he would not have to relocate the new Corporate Facility in Houston, Texas;

15.     All during the negotiations of the Plaintiff accepting the promotion, the Plaintiff made it perfectly clear and conditioned his acceptance of the promotion upon the Corporate Defendant accepting his need to remain in New England, and specifically in Massachusetts, due to his aging parents, family and other financial obligations which would preclude him and prohibit him from leaving, and this representation was accepted by the Defendant at the time Defendant accepted and promoted the Plaintiff to his new position in and as the Global Advisor for Demolition of all Surplus Facilities under the Environmental Service Company;

16.     The limitation requested by the Plaintiff became part and parcel of his Employment Contract, and the Covenant of Good Faith and Fair Dealing required that the Corporate Defendant honor that Covenant as it had honored that Covenant as a condition of the continued employment and condition of the Plaintiff in his position as Global Advisor;

17.     The Defendant's termination after its unilateral rescinding of its earlier promise and representations that the Plaintiff would not have to relocate was and is a Breach of the Covenant of Good Faith and Fair Dealing, and as a result of said Breach, the Plaintiff has been further damaged.

## COUNT VI: UNFAIR AND DECEPTIVE TRADE AND SETTLEMENT PRACTICES

Plaintiff repeats, realleges, and incorporate by reference each of the allegations contained in paragraphs 1 through 17 above, as though specifically restated, and in addition thereto state the following:

18.     To solicit and encourage, and thereafter, promote the Plaintiff to a new position including the condition that he would not have to relocate as a condition of his accepting the provision, and thereafter, to unilaterally revoke the condition where he would not have to

4

relocate is Unfair and Deceptive as a Trade Practice and as an Employment Practice, and is in violation of the Employment Contract;

19.   On or about May 29th of 2015, the Plaintiff sent or caused to be sent, a Demand Letter, seeking Compensatory Damages for the Wrongful Termination of his position as Global Advisor for Demolition of all Surplus Facilities, and seeking further Damages for the tortious conduct engaged in by various select ExxonMobil Executives in wrongfully terminating him from his position as Global Advisor following the conditioned Appointment and Promotion of the Plaintiff to his new role, and further seeking Damages for the Unfair and Deceptive Actions taken by ExxonMobil Corporation in its Wrongful Termination of Mr. Errico our Plaintiff herein, whose employment record was incredible and unblemished for the twenty-two (22) years prior to the time of termination;

20.   Since May 29th of 2015, and to the date of the filing of this Petition and Complaint, the Corporate Defendant has failed to respond;

21.   The action of the Corporate Defendant in wrongfully terminating the Plaintiff after having made representations that he would not have to relocate is Unfair and Deceptive as a Trade Practice, and in violation of M.G.L. Chapter 93A;

22.   The action of rescinding and unilaterally compelling the Plaintiff to relocate as a condition of maintaining his future employment after specifically promising him that he would not have to relocate if he had accepted a promotion in the Demolition Division, was also Unfair and Deceptive as a Trade Practice, and in violation of M.G.L. Chapter 93A, in addition to being in violation of the specific Contract entered into by the parties;

23.   The failure of the Corporate Defendant to meaningfully respond to the request for Settlement and Demand tendered by the Plaintiff on and after May 29th of 2015, is also Unfair and Deceptive as a Settlement Practice, all in violation of M.G.L. Chapter 93A;

24.   As a result of these continuing acts and conducts of Defendant, the Plaintiff has been further damaged.

WHEREFORE, Plaintiff Demands:

1.   Judgment on Count I, and that this Honorable Court Award the Plaintiff his costs and reasonable Attorney's Fees;

2.   Judgment on Count II together with interest, costs and an assessment of reasonable Attorney Fees;

3.   Judgment on Count III together with interest, costs and an assessment of reasonable Attorney Fees;

4.   That this Honorable Court make specific findings that all or substantially all of the actions of the Corporate Defendant from February of 2015 until the present were Unfair and Deceptive both as Trade and Settlement Practices, and in making said determination, that this Honorable Court further determine that and make findings that the acts of the Corporate Defendant were and are in violation of M.G.L. Chapter 93A, and Award the Plaintiff his damages, and further that this Honorable Court double or treble said damages and make provisions for the Award of Attorney's Fees, insofar as the same may be applicable; and

5.   For such further relief as this Honorable Court deems just and equitable.

**Plaintiff Demands a Trial by Jury on each of the Counts annexed hereto.**

Respectfully submitted,
Eric W. Errico,
By his Attorney,

Dated: November 30 , 2015

David T. Fulmer, Esq.
576 Main Street
Winchester, MA 01890
Telephone: (781) 721-2111
              (617) 549-6970
B.B.O. # 181330

6